UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **VICTORIA SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 15 CV 10105** |
| | ) | |
| v. | ) | **Judge Dow** |
| | ) | |
| **P.O. ADOLPHO GARCIA #7282,** | ) | **Magistrate Judge Brown** |
| **P.O. MANUEL ARROYO #5780,** | ) | |
| **P.O. FARAH BAQAI #8536,** | ) | **Jury Demand** |
| **P.O. ZACHARY DAVIDSON #11682,** | ) | |
| **P.O. DANIEL PONIATOWSKI #10337,** | ) | |
| **P.O. CHRISTOPHER INNISS #3871,** | ) | |
| **Individually, and the CITY OF CHICAGO,** | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S PROPOSED FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ. P. 16, and

Gregory E. Kulis
Joshua S. Patrick
Gregory E. Kulis & Associates, Ltd.
30 N. LaSalle St., Suite 2140
Chicago, Illinois 60602

having appeared as counsel for Plaintiff Victoria Smith ("Smith"); and

Caroline Fronczak
Chief Assistant Corporation CounselKathryn Kohls
Christine Wee
Assistant Corporation Counsels
City of Chicago Department of Law
30 N. LaSalle St., 9th Floor
Chicago, IL 60602

having appeared as counsel for all Defendants, the following actions were taken:

**(1)** <u>Jurisdiction</u>: The jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction is not disputed.

**(2)** <u>Claims</u>: This is an action for the alleged violation of Plaintiff Victoria Smith's civil rights under 42 U.S.C. § 1983. Plaintiff Victoria Smith alleges that the Defendant officers unlawfully entered her residence.. Plaintiff further alleges that Defendant Garcia used excessive force against her in effectuating an arrest after entering her residence, and that the other Defendant officers observed said use of force and failed to intervene despite the opportunity to do so. Finally, and in an effort to cover up said use of force, Plaintiff alleges that the Defendants falsely accused the Plaintiff of striking Defendant Garcia, and continued to pursue said charges knowing they were false. Defendants deny that the committed any unconstitutional or otherwise illegal conduct.

**(3)** <u>Relief Sought</u>: Compensatory damages for unlawful entry of Plaintiff's residence and deprivation of her liberty, and medical expenses incurred from Ms. Smith's injuries, to wit $558.00 from St. Bernard Hospital. Plaintiff further claims damages for pain and suffering and loss of a normal life associated with her injuries; monetary amount to be determined by the jury. Emotional distress; monetary amount to be determined by the jury. Punitive damages; monetary amount to be determined by the jury.

**(4)** <u>Witnesses</u>: See attached

**(5)** <u>Exhibits</u>: See attached

**(6)** <u>Type and Length of Trial</u>: Jury trial, estimated duration of approximately 3-5 days including voir dire.

**(7)** <u>Proposed Findings and Conclusions</u>: Not applicable

**(8)** <u>Proposed Voir Dire Questions</u>: See attached

**(9)** <u>Proposed Jury Instructions</u>: Filed under separate cover

**(10)** <u>Trial Briefs</u>: Not applicable

**(11)** <u>Discovery</u>: Discovery is complete.

**(12)** <u>Motions in Limine</u>: Filed under separate cover, list of motions and objections is attached.

*****REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*****

This Order will control the course of the trial and may not be amended, except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

_____
United States District Judge

Date: _____

/s/ Joshua S. Patrick                                                                  _____
Attorney for Plaintiff                                                                  Attorney for Defendants

**SCHEDULE 4(a)**
**PLAINTIFF'S WITNESSES AND DEFENDANTS' OBJECTIONS**

Will Call:
1. Victoria Smith
2. Ishema Neely
3. Adolfo Garcia
4. Manuel Arroyo
5. Zachary Davidson
6. Daniel Poniatowski

May Call
7. Harold Zachery
8. Dr. George Kurian

Testify Via Deposition
9. Unknown at this time, will depend on the availability of certain witnesses and/or their subject to service of subpoena

DEFENDANT'S WITNESSES AND PLAINTIFF'S OBJECTIONS

Will Call:

1. Defendant Officer Adolfo Garcia
2. Defendant Officer Manuel Arroyo
3. Defendant Officer Zachary Davidson
4. Defendant Officer Daniel Poniatowski

May Call:

1. Representative of OEMC
2. Lock up Keeper CM Wellere
3. Lt. Don Jerome
4. Officer Farah Baqai
5. Ishema Neely
6. Harold Zachary

7. Dr. Kurian

8. Nurse Cruz

9. Assistant State's Attorney David Neal

10. Officer R.A. Vasquez

11. Officer Christopher Innis

Case: 1:15-cv-10105 Document #: 53 Filed: 12/15/17 Page 5 of 17 PageID #:184

## SCHEDULE 5(a)
## PLAINTIFF'S EXHIBIT LIST AND DEFENDANTS' OBJECTIONS

Substantive:
1. Plaintiff's Complaint
2. Defendant's Joint Answer to Complaint
3. Defendant Garcia's Answers to Interrogatories
4. Defendant Arroyo's Answers to Interrogatories
5. Defendant Davidson's Answers to Interrogatories
6. Defendant Poniatowski's Answers to Interrogatories
    Objection for Numbers 2-6: Defendants oppose entering the interrogatories as substantive evidence. The Defendants do not oppose using the interrogatories for impeachment purposes or to refresh witnesses' recollection. The interrogatories' themselves are hearsay (FRE 801 and 802) and also many of the responses are not relevant to litigation. FRE 401 and 403. Further, responses may also discuss character evidence of defendant officers, which would not be allowed in under FRE 404(b).
7. St. Bernard Hospital bill

Impeachment/Refreshing
8. Plaintiff's deposition transcript
9. Defendant Garcia's deposition transcript
10. Defendant Arroyo's deposition transcript
11. Defendant Davidson's deposition transcript
12. Defendant Poniatowski's deposition transcript
13. Ishema Neely's deposition transcript
14. CPD Arrest Report
15. CPD Original Case Incident Report
16. Defendant Garcia's Tactical Response Report
17. Defendant Garcia's Officer Battery Report
18. OEMC Event & Unit Queries
19. St. Bernard Hospital medical records

Demonstrative:
    None yet identified

### DEFENDANT'S EXHIBIT LIST AND PLAINTIFF'S OBJECTIONS
Substantive:
1. OEMC Event and Unit Queries (FCRL 000155-000171, FCRL 000249)
    Objection, hearsay. Plaintiff has no objection to the documents being used for impeachment and/or refreshing recollection, but as substantive evidence, Plaintiff submits that they are hearsay
    Response: These documents are not hearsay. They are documents kept pursuant to regular business exception. FRE 803(6).
2. Booking Photographs (FCRL 000006-FCRL 000010)
    Objection reserved depending on how they are used and/or offered at trial

      Response: The Plaintiff is claiming excessive force against Officer Garcia. Her booking photos are relevant and important to disprove this claim.

Impeachment/Refreshing:
3. Deposition of Plaintiff Victoria Smith
4. Deposition of Ishema Neely
5. Deposition of Harold Zachary
6. Deposition of RN Cruz
7. Deposition of Dr. Kurian
8. Plaintiff Victoria Smith's responses to interrogatories

Demonstrative:
    Google Photographs of 5207 S Wolcott Ave, Chicago, IL 60609
    Objection reserved depending on how they are used and/or offered at trial

**SCHEDULE 8(a)**
**PLAINTIFF'S PROPOSED VOIR DIRE**

1. Where have you lived over the past ten (10) years?

2. Are you married/have a significant other? If so, for how long have you been together?

3. What is your trade or occupation, by whom are you employed and for how long have you been so employed? What other trades or occupations have you followed?

4. If you are married/have a significant other, what is your spouse's/significant other's occupation, by whom is your spouse/significant other employed, for how long has your spouse/significant other been so employed? What other trades or occupations has your spouse/significant other followed?

5. Do you have any children? If so what are their ages and marital status?

6. If your children are employed, what is their business or occupation, and by whom are they employed, for how long have they been so employed? If your children are married, how are their spouses employed, by whom are their spouses employed, and for how long have their spouses been so employed?

7. What is your age and, if applicable, the age of your spouse/significant other?

8. Briefly outline the extent of your formal education.

9. Briefly outline the extent of your spouse's/significant other's formal education.

10. Have you or your spouse/significant other been in the military, including National Guard? Briefly outline your (and your spouse's/significant other's) military career.

11. Do you or your spouse/significant other belong to any clubs, church groups, unions, societies or fraternal organizations? What are the names of the groups? Have you or your spouse/significant other held any office in those groups?

12. Which television programs [or genre of programs], if any, do you watch regularly?

13. Do you regularly watch any of the television shows that feature attorneys or law enforcement such Law & Order, CSI, Cops, etc.?

14. What are your sources for news? Newspapers, magazines, radio, television, internet, or other source, identifying each specifically by name or channel or service provider?

15. Do you identify with any particular religious group or sect whose beliefs or feelings

8

may cause you any difficulty in sitting as a juror in this case?

16. Have you or a member of your immediate family ever made a claim against anyone, or has anyone ever made a claim against you? Please briefly explain.

17. Have you ever been a party to a lawsuit, or testified under oath? Please describe.

18. Have you had any prior jury service? What types of cases did you serve on?

19. Have you or any of your friends or relatives ever worked for or been associated with a company that deals with lawsuits on a regular basis? If so, who, and in what capacity?

20. Do you, or do any of your relatives or friends, receive any pension, retirement annuity, or other benefit from a municipality? If so, do these benefits make it difficult, disagreeable, impossible or offensive to find in favor of the Plaintiff?

Objection: Relevance.

21. Do you, or do any of your relatives or friends, have any investments in municipal bonds? If so, do these investments make it difficult, disagreeable, impossible or offensive to find in favor of the Plaintiffs?

Objection: Relevance.

22. The judge will instruct you on the law as it applies to this case. Will you be able to follow these instructions on the law even if you personally disagree with the law?

23. In a criminal case, the prosecution has to prove its case beyond a reasonable doubt. It's different in a civil case like this one. In a civil case, a plaintiff only needs to prove his or her case by a preponderance of the evidence. It is a different standard. Does everyone understand that there is a difference between the two?

Objection: The jury will receive instructions on the applicable standard.

24. Do you have any family members or close friends who work for any governmental body or governmental agency?

25. Do you have any family members or close friends who work in the law enforcement area?

26. Do you have any neighbors that work for a governmental body or agency, or in the law enforcement area?

27. Have you or anyone in your immediate family or close friend had any particularly significant encounters or contacts with police or law enforcement personnel? If so, what were the circumstances? Would this cause you to possibly favor one side over the other in this case?

28. Have you ever witnessed an encounter between a police officer and a private citizen where you believed that the officer used excessive force? Will that impact your ability to be fair to

9

both sides in this case?

29. Have you or any of your friends or relatives ever been the victim of a crime? Has that experience made it difficult, disagreeable, impossible or offensive to find in favor of the Plaintiff?

30. Do you have any strong opinions, either positive or negative, about the City of Chicago Police Department or about law enforcement officers in the Chicago Metropolitan Area, generally?

31. Do you believe that police officers are more honest and reliable witnesses than other witnesses simply because they are police officers? Can you evaluate the testimony of police officers by applying the same standards and considerations as you would apply in evaluating the testimony of any other witness?

Objection: Relevance. Covered by question 30.

32. Would you tend to give more weight, about the same weight, or less weight to the testimony of a police officer as compared to other witnesses?

Objection: Relevance and could be asked more generally. Such as, would you be able to fairly weigh the testimony of all witnesses?

33. If you are selected to serve as a juror in this case, would you be concerned about the reactions to the verdict by friends or family members who are in law enforcement? Do you feel you would have to explain your decision to those friends or family members if you reached a verdict in favor of the Plaintiff in this case? Would that be difficult for you?

Objective: Improperly sends a message that Plaintiff will be able to prove her case.

34. Do you agree that police officers should be held accountable if they violate someone's rights? If you disagree, please explain.

Objection: Indoctrinating the jury.

35. Do you believe that only bad police officers violate the rights of criminal suspects? If so, please explain.

Objection: Improperly suggests that defendants may be "bad" police officers and indoctrinating the jury

36. Do you feel that police officers should not be sued for their actions while they are on duty?

Objection: Indoctrinating the jury.

37. Would you have any reservations in awarding substantial damages against the Defendants simply because they are police officers?

Objection: Improperly sends a message that Plaintiff will be able to prevail at trial.

38. Do you have an opinion regarding whether citizens should have the right to sue when they believe that their civil rights have been violated? Please explain.

Objection: Indoctrinating the jury.

39. This lawsuit involves monetary damages sought from the Defendant. How do you feel about providing monetary damages to compensate someone for their injuries? Do you feel that money cannot compensate a person for injuries so why try?

Objection: Improperly sends a message that Plaintiff will be able to prevail at trial.

40. Money is the only compensation you can give to the Plaintiff if you decide that the Defendant is liable. Is there anyone here that has trouble with that concept of justice? Does anyone find compensating the Plaintiffs with money difficult, disagreeable, impossible or offensive?

Objection: Improperly sends a message that Plaintiff will be able to prevail at trial. Additionally, this inaccurately states the law.

41. Do you think that because of a difficulty in coming to a figure for damages that you may believe that only a token amount should be awarded? If justified by the evidence, will you be able to award a substantial amount of money as damages?

Objection: Improperly sends a message that Plaintiff will be able to prevail at trial. Additionally, this inaccurately states the law.

42. As a juror, would you have any negative feelings about turning a substantial dollar verdict if the evidence warrants such a verdict?

Objection: Improperly sends a message that Plaintiff will be able to prevail at trial.

43. Do you feel that the Plaintiff is at a disadvantage because they are suing a governmental employee or governmental body? In other words, do you think it is more difficult to sue "city hall" than any other person or type of business?

Objection: Relevance. Plaintiff is suing the Defendant officers. Further, see Defendant's motion in limine to remove the City of Chicago from the caption.

44. Have you or anyone in your family or close friends ever belong to or donated time, money or services to any organization concerned with reporting crime and assisting law enforcement, such as a neighborhood crime watch, Crime Stoppers or victim assistance program? Please explain.

Objection: Relevance.

45. Have you or anyone in your family or close friends ever belonged to or contributed

to any organization supporting tort reform or lawsuit reform? Please explain.

Objection: Relevance.

46. Have you or anyone in your family or close friends ever belonged to or contributed to the U.S. Chamber of Commerce, or subscribed to its publications, or received emails from it?

Objection: Relevance.

47. Are you or your spouse or close friends a member of any handgun or long gun ownership support groups, such as the National Rifle Association?

Objection: Relevance. No guns are involved in this case.

48. Are you or your spouse or close friends a member of any organization that opposes the possession of handguns?

Objection: Relevance. No guns are involved in this case.

49. Do you have any personal knowledge of the claimed incidents involved in this case – either personal knowledge, knowledge from newspaper accounts, or knowledge from anything you have heard?

50. Do you know any of the attorneys, law firms, parties or witnesses who will be appearing in this case?

51. Would you describe yourself as a leader or being in a leadership role frequently, occasionally or infrequently?

52. On a scale from very liberal to very conservative, how would you describe your political style?

Objection: Relevance.

53. Regarding the size of jury verdicts, do you feel that jury verdicts are generally too high, too low, or just about right?

Objection: Relevance and improperly sends a message that Plaintiff will prevail.

54. What are your feelings regarding whether or not there are generally too many lawsuits filed?

Objection: Relevance.

55. Do you believe that the justice system encourages and/or promotes "runaway juries?" Please explain.

Objection: Relevance.

12

56. Has anyone here ever received any education or training regarding police or law enforcement procedures? Please explain.

57. Has anyone here ever received any education or training in the law? Please explain.

58. From what you have heard about this case so far, is there anything about your background or experience which you think the Court, the parties or the attorneys should be aware of?

59. Is there anything about the nature of this case which may make it difficult for you to sit on the jury?

60. You have heard the types of questions which have been asked of both yourself and the other jurors. Do you know of anything in your background, which we have not talked about, which may cause you some difficulty in acting as a juror in this particular case?

**DEFENDANT'S PROPOSED *VOIR DIRE* QUESTIONS**

1. Are you interested in the news coverage about the Chicago Police Department or other law enforcement agencies?
   Objection – vague and not reasonably calculated to determine juror bias.
2. Do you have an opinion or impression of police general? Particularly the Chicago Police Department?
3. Have you ever lived in the City of Chicago?
4. Have you or do you know if a member of your family or a friend has ever had to call the police for help? In these circumstances, do you believe the police responded in a professional and appropriate manner?
5. Have you or has a family member or friend ever had any positive or negative experiences with police? If yes, were any of these experiences involving the Chicago Police Department? Did you discuss the experience with your friend or family member?
   Objection – not reasonably calculated to determine juror bias
6. Do you believe that just because someone filed a lawsuit that they are entitled to money?
   Objection – vague, incomplete hypothetical, and not reasonably calculated to determine juror bias
7. Is there anyone that had a problem with the concept that the plaintiff is the only one with the burden of proof?
8. Is there anyone that will be unable to hold the plaintiff to his burden of proof?
   Objection – indoctrinates the juror
9. Have you, a family member or a close friend ever been arrested?
   Objection – relevance
10. Are you aware of any negative opinions by a close friend or family member about the City of Chicago or any municipality?
    Objection – relevance, vague, and not reasonably calculated to determine juror bias
11. Do you have a negative opinion of the about the City of Chicago or any municipality?
12. Would you want someone like yourself on a jury if you were a plaintiff or defendant in a lawsuit? How about in a case that involved the police? Why?
13. Is there anything that you believe could affect your ability to be fair and impartial to all parties in this case that I have not asked you about?

14

## SCHEDULE 12(a)
## LIST OF PLAINTIFF'S MOTIONS *IN LIMINE* (FILED UNDER SEPARATE COVER) AND DEFENDANTS' OBJECTIONS

**Unopposed:**
[*PLEASE INSERT HERE FROM BELOW AS APPLICABLE*]
1. PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO BAR ANY ARGUMENTS APPEALING TO THE JURY AS TAXPAYERS
2. PLAINTIFF'S MOTION IN LIMINE NO. 2 TO BAR NON-PARTY WITNESSES FROM THE COURTROOM PRIOR TO TESTIFYING
3. TO BAR CHARACTERIZATION OF NEIGHBORHOOD AS "HIGH-CRIME AREA," AND TO BAR REFERENCE TO ANY OTHER CRIMES OCCURRING IN THE AREA
4. PLAINTIFFS' MOTION *IN LIMINE* NO. 4 TO BAR CHARACTER EVIDENCE RELATING TO THE DEFENDANT OFFICERS
5. PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO BAR ARGUMENT OR MENTION OF POLICE OFFICERS RISKING THEIR LIVES ON THE JOB
6. PLAINTIFF'S MOTION *IN LIMINE* NO. 6 TO BAR DEFENDANT OFFICERS FROM WEARING UNIFORMS AND MEDALS AT TRIAL

**Objected:**
7. PLAINTIFFS' MOTION *IN LIMINE* NO. 8 TO BAR REFERENCE TO THE ARREST RECORDS OR ARREST HISTORY OF THE PLAINTIFFS AND ANY NONPARTY WITNESSES
8. 
9. PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO BAR EVIDENCE OF PRIOR BAD ACTS AND INFORMATION NOT KNOWN TO DEFENDANTS AT THE TIME OF THE ENCOUNTER
10. PLAINTIFFS' MOTION *IN LIMINE* NO. 7 TO BAR DEFENDANTS FROM USING MUNICIPAL RESOURCES/POLICE DATABASES DURING AND AFTER JURY SELECTION

## LIST OF DEFENDANT'S MOTIONS *IN LIMINE* (FILED UNDER SEPARATE COVER) AND PLAINTIFF'S OBJECTIONS

**Unopposed:**
1. **Bar Evidence, Testimony, or Argument Relating to General Allegations of Police Misconduct**

2. Bar any undisclosed witnesses pursuant to Rule 26(a)(1)

3. Bar any argument that Defendants have delayed the trial or that the Plaintiff has waited a long time for trial.

4. Bar Any Evidence or Argument that the City of Chicago Improperly Disciplines Its Police Officers

Objected:
5. To Bar Any Evidence, Testimony or Argument that Conflates a Violation of a General Order or Department Regulation with a Constitutional Violation

6. Bar Any Evidence or Argument Regarding Any "Code of Silence"
7. Bar Any Evidence of Other Misconduct Alleged Against Any of the Defendants, Including Other Lawsuits
8. Bar Any Argument that the Jury Should Send a Message to the City of Chicago with its Verdict
9. Bar Any Evidence or Argument Regarding Whether Any Defendant Ever Reported Misconduct

10. Bar Any Evidence or Argument Criticizing Any Investigation by the City of Chicago or Any Agency of the City of Chicago
11. Motion to Bar Any Evidence or Argument that the Officers Will Be Indemnified by the City of Chicago in the Event a Judgment is Entered Against Them

12. Bar Reference by Plaintiff and other Lay Witnesses from Rendering Testimony Relating to Medical Diagnoses or Other Medical Terminology

13. Bar any Testimony and Implication that Chicago Police Department Personnel are being Paid to Appear in Court and Testify

14. Bar any testimony as to Plaintiff's alleged Lost Wages

15. Bar any testimony or argument that the Plaintiff was arrested without a warrant

16. Remove the City of Chicago from the Caption

17. Bar any evidence or suggestion that the City improperly trains, disciplines or

16

**investigates misconduct of officers or has improper policies and procedures**

Case: 1:15-cv-10105 Document #: 53 Filed: 12/15/17 Page 17 of 17 PageID #:196

**investigates misconduct of officers or has improper policies and procedures**